**Jimmie L. FORD, Plaintiff,**

v.

**John W. GARDNER, Secretary of Health, Education and Welfare, Defendant.**

**Civ. A. No. 2044.**

United States District Court
W. D. Arkansas,
Fort Smith Division.

Jan. 19, 1968.

Robert P. Dougherty, and Harper, Young, Durden & Smith, by Don A. Smith, Fort Smith, Ark., for plaintiff.

Charles M. Conway, U. S. Atty., by Robert E. Johnson, Asst. U. S. Atty., for defendant.

## OPINION

WILLIAMS, District Judge.

This case comes before the Court upon the petitions for summary judgment filed by both the plaintiff, Jimmie L. Ford and also by the defendant, Secretary of Health, Education and Welfare.

The matter at issue is the correctness of the administrative determination by the Secretary of Health, Education and Welfare that Jimmie L. Ford is not totally disabled within the meaning of the Social Security Act.

The facts from which this claim arose are as follows: Jimmie L. Ford was thirty-six years of age on December 9, 1963, the date of alleged disability. His formal education consisted of the first six grades. His vocational career was confined to manual labor. He had been a coal miner and had worked around saw mills. From 1960 to December 1963 he worked as a construction laborer. He had and has no vocational or specialized training. His complaint is that his back was hurt while he was lifting a form that goes in a grease pit at the Junior High School at Kelley Highway and Waldon Road in Fort Smith, Arkansas.

Mr. Ford took treatments from a Chiropractor and then went to a medical doctor who made x-rays. He was hospitalized at St. Edwards Hospital where a myelogram was run by Dr. Brown in 1966. He testified that he wears a back brace now except when he lies down; that Dr. Brown wanted to operate but that Dr. Brown would not tell him what he wanted to operate for; that he has pain in his back and severe headaches; that his feet and legs go to sleep; that bending and lifting cause his headaches to become worse. He stated that he had not been able to work at anything since the injury.

The following doctors testified:

Dr. W. B. Stanton who made a physical examination, gave him activity tests and took x-rays in 1965.

Dr. Byron L. Brown also gave him physical examination, took x-ray and made activity tests in December, 1964.

Dr. Frank Padberg who gave him physical examination, took x-ray and made a myelogram in March 1964.

Dr. A. B. Hathcock who gave him a physical examination, took x-ray and gave him activity tests over a period of time from December 1963 to March 3, 1964.

Dr. F. W. Carruthers who gave him a physical examination, activity tests and took x-rays in March, 1966.

Dr. K. G. Lowe who examined him and gave a letter dated February 25, 1966, in which he said:

"This is to advise that I have now seen Jimmy Ford two times since February 22, 1966. * * * This patient has marked cervical muscle spasm and occipital neurities, this is probably due to arthritis. Also, I am certain that he has a ruptured intervertebral disc giving him marked sciatic nerve pain and it is my opinion that this man is totally disabled to work."

The evaluation of the evidence given by these doctors discloses that Dr. K. G. Lowe is the only one who says that it is his opinion the claimant is totally disabled to work. This Court notes that Dr. Lowe reached this conclusion on his expressed certainty that Mr. Ford has a "ruptured intervertebral disc giving him marked sciatic nerve pain;" and that Dr. Lowe did not have the benefit of the myelogram proof by Dr. Padberg, which conclusively shows Dr. Lowe's conviction as to a ruptured disc was error. Dr. Carruthers is the only other doctor who found substantial impairment but he thought that Mr. Ford could be rehabilitated.

A fair evaluation of all the medical evidence given by the various doctors is that only Dr. Lowe considered Jimmie Ford to be disabled, and that his opinion was based upon a false assumption as to a ruptured disc. All other medical evidence is to the effect that plaintiff is not totally disabled.

■ The Secretary of Health, Education and Welfare reached the conclusion that the claimant Jimmie L. Ford was not totally disabled within the meaning of the Social Security Act. The question to be determined by this Court is whether or not there is any substantial evidence to support that conclusion. The issue is well stated by both the plaintiff and the defendant as follows:

"The only issue in this case is whether, as a matter of law, the Secretary's decision is supported by substantial evidence."

It is well established that judicial review will go no further than determining this issue. Lewis v. Flemming, D.C., 176 F.Supp. 872.

■ The definition of "substantial evidence" is accepted to be:

" * * * more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Aaron v. Fleming, D.C., 168 F.Supp. 291; Corn v. Flemming, D.C., 184 F.Supp. 490; Consolidated Edison Co. of New York v. N. L. R. B., 305 U.S. 197, at pg. 229, 59 S.Ct. 206, at pg. 217, 83 L.Ed. 126.

The disability defined in the Social Security Act, which is 42 U.S.C.A. Sec. 423(c) (2) is:

"inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."

■■ The burden of proof to establish disability such as claimed by the plaintiff in this case is on the one seeking the benefit. The Secretary is the trier of fact and his finding is final if there is any substantial evidence to support it. Where the evidence is conflicting, it is for the Appeals Council on behalf of the Secretary of Health, Education and Welfare to resolve the conflict. Brasher v. Celebrezze, 8 Cir., 340 F.2d 413.

■ The medical evidence in this case is such that the Secretary could reach no other conclusion.

It is the order of the Court that the petition of the defendant for summary judgment be granted.